BEN OLIVER v. THE STATE.

No. 8510. Rendered November 26, 1924.

No motion for rehearing filed.

**Assault to Murder—Evidence Sufficient.**

There are no bills of exception in the record, no objections were filed to the courts charge. While the penalty inflicted in the extreme punishment prescribed by law, the evidence is sufficient to sustain the judgment.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of assault with intent to murder; penalty, fifteen years in the penitentiary.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant stands convicted of assault with intent to murder one George Duckett, punishment having been assessed at confinement in the penitentiary for 15 years.

There are no bills of exception in the record; no objections were filed to the court's charge, and five special charges requested by appellant were all given.

· We do not regard a detailed statement of the evidence necessary. The injured party, George Duckett, was a blacksmith. In 1917 he had done some work for appellant upon which three dollars were still due. Duckett had seen appellant only twice from the time the debt accrued up to the time of the assault in August, 1923. On that date he spoke to appellant about the matter and some controversy arose with reference to it. Appellant drew his knife which Duckett requested him to return to his pocket, and upon his refusal to do so, and fearing that appellant was going to assault him with it, Duckett picked up a piece of half-inch water pipe, telling appellant to return his knife to his pocket or that he (Duckett) would strike him. Under these circumstances appellant made the assault with the knife in question which severed three ribs on Duckett's left side making a wound some five inches long and down into the lung which came out through the cut. There was also a wound of less serious character on the right side of the chest. Duckett himself and another eyewitness testified that at the time appellant made the assault the injured party was doing nothing and that appellant was in no danger. This evidence was controverted by appellant and his witnesses, they claiming that Duckett first made an assault upon appellant with the water pipe before the cutting occurred. All of these issues were submitted to the jury both in the court's general charge and in the special charges which were framed as favorably to appellant as the law would permit. The penalty inflicted is the severest allowed by law upon the charge of assault with intent to murder, which has caused us to scrutinize the evidence closely. For us to overturn the verdict of the jury would simply be to substitute our judgment for theirs upon the issues of fact and the penalty that ought to have been inflicted. Under the circumstances presented in the record we do not feel called upon nor authorized to do this.

The judgment will therefore be affirmed.

*Affirmed.*